**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4069**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

PATRICK GRANT DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Frank D. Whitney, District Judge.  (5:02-cr-00026-FDW-CH-1)

Submitted:  September 23, 2011       Decided:  September 29, 2011

Before TRAXLER, Chief Judge, WILKINSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Noell P. Tin, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.   David Alan Brown, Sr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is the third time this court has reviewed Patrick Grant Davis' sentence for failure to file tax returns and conspiracy to defraud the United States. Davis was initially indicted in May 2002, and charged with three counts of failing to file tax returns for tax years 1995-1997, in violation of 26 U.S.C. § 7203 (2006). In December 2002, the Government sought a superseding indictment, charging Davis and his co-defendant, Martin Louis Baucom, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006). Baucom and Davis represented themselves at trial, after which the jury found them guilty on all counts. The district court initially varied downward to sentence Davis to four years' probation.

Davis appealed his convictions and the Government cross-appealed the sentence. After hearing oral argument, this court affirmed Davis' convictions, but vacated his sentence and remanded for resentencing. See United States v. Baucom, 486 F.3d 822, 831 (4th Cir. 2007) ("Baucom I"). This court reversed the district court's finding that Davis was eligible for a two-level reduction for acceptance of responsibility and further reversed the district court's holding with regard to the admissibility of evidence as to the tax loss incurred by the State of North Carolina. Id. at 829-30. The Supreme Court subsequently granted Davis' petition for a writ of certiorari

2

and remanded this case to this court for further consideration in light of United States v. Gall, 552 U.S. 38 (2007). See Davis v. United States, 552 U.S. 1092 (2008). This court, in turn, remanded the case to the district court.

At resentencing, the district court again imposed a probationary sentence, coupled with house arrest. The Government appealed, and we again vacated the judgment and remanded for resentencing. See United States v. Baucom, 360 F. App'x 457 (4th Cir. 2010) (unpublished) ("Baucom II"). We directed that the case be reassigned to a different district court judge. Baucom II, 360 F. App'x at 459 n.1. The Supreme Court subsequently denied Davis' petition for a writ of certiorari. See Davis v. United States, 130 S. Ct. 3340 (2010). On remand, the district court sentenced Davis to thirty-four months' imprisonment. This appeal timely followed.

Davis' attorney, Noell Tin, has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), representing that there are no non-frivolous issues for appeal, but asking us to review whether his performance at sentencing was constitutionally deficient. Davis similarly raises an ineffective assistance of counsel claim in his pro se supplemental brief. The Government has declined to file a response brief. For the reasons that follow, we affirm.

3

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). We have reviewed the transcript of Davis' resentencing hearing and conclude that Davis has failed to meet the demanding burden of showing ineffective assistance of counsel on direct appeal. Accordingly, we reject this claim.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm Davis' sentence.[1] This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

---

[1] Although not challenged by counsel or Davis, because this case is before us pursuant to Anders, we have reviewed the within-Guidelines sentence Davis received and conclude that it was both procedurally and substantively reasonable. See Gall, 552 U.S. at 51; United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011).

4

this court for leave to withdraw from representation.[2]  Counsel's motion must state that a copy thereof was served on Davis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---